**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAFAEL BADIA,**
                **Plaintiff,**

**-vs-**                                                         **Case No. 6:08-cv-499-Orl-19DAB**

**MORENA FOOD CORPORATION,**
**d/b/a Cafe Madrid,**
                **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 22)**
>
> **FILED:**      **September 16, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on September 29, 2008 with counsel for Plaintiff present and counsel for Defendant appearing by phone.

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. No. 15), Plaintiff was employed by Defendant as a cook from 1993 to 2007. Plaintiff sought $17,055.36 for 27 hours per week of overtime for 141 weeks. Doc. No. 15. The settlement to Plaintiff of $7,000 in unpaid wages and liquidated damages represents approximately 40% of the $17,000 principal amount Plaintiff sought. Plaintiff's counsel explained that following discussions at the settlement conference, the overtime hours worked (64-65 hours) were not in much dispute[1]; however, Plaintiff believed after discussions that there was little chance of success on the argument for willfulness (three years of recovery versus two years) and entitlement to liquidated damages – Plaintiff's paychecks were actually cut by an outside accountant rather than an individual inside the organization. Plaintiff also had duties in addition to being a cook that suggested a management exemption might apply. Plaintiff

---

[1] Plaintiff was scheduled to work Tuesday through Friday, 10:00 a.m. to 10:00 p.m.; Saturday, 12:00 p.m. to 10:00 p.m. and Sunday 12:00 p.m. to 9:00 p.m.

was also concerned about the collectibility of the judgment against the relatively small Defendant organization.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,000 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff from March 26, 2008 to September 26, 2008 accruing roughly 15.20 attorney and paralegal hours in the process: Mr. Morgan's hourly rate is $300 and he charged paralegal level functions at $95.00, which amounted total fees incurred of $3,863.00. Typical costs average approximately $400 for filing fee and service of process charges. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of **$7,000** to Plaintiff for unpaid wages and liquidated damages, and **$4,000** for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 29, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy